IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| SHANE RYAN LILLY, | § | No. 1:26-CV-02486-DAE |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| vs. | § | |
| | § | |
| CITY OF AUSTIN, et al., | § | |
| | § | |
| *Defendants*. | § | |
| | § | |

ORDER GRANTING PERMANENT INJUNCTION, DISMISSING CLAIMS, AND RETAINING JURISDICTION

Before the Court is the above-captioned case, in which Plaintiff Shane Ryan Lilly ("Plaintiff") asserts that the Defendants[1] are impermissibly discriminating against him in violation of Title II of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12131 *et seq.* In his Motion for Preliminary Injunction (Dkt. # 3), filed on September 9, 2026, Plaintiff requested the Court to issue preliminary injunctive relief preventing Defendants from euthanizing his dog, Major, and requiring them to conduct an individualized assessment under Title II of the ADA. (Dkt. # 3 at 2.) On September 10, 2026, the Court granted Plaintiff's

[1] The Defendants named in this action are the City of Austin; Elayna Grove, in her individual and official capacities; Rebekha Montie, in her individual and official capacities; and Monica Dangler, in her official capacity (collectively, "Defendants"). (Dkt. # 1.)

Emergency Application for *Ex Parte* Temporary Restraining Order ("TRO"), filed in the same document as his preliminary injunction application. (See Dkts. ## 3, 9.)

Defendants filed their Response to the Motion for Preliminary Injunction on September 18, 2026. (Dkt. # 18). Plaintiff filed his Reply, miscellaneous objections, and an Unopposed Motion to Extend the TRO on September 23, 2026. (Dkts. ## 15–17.) On September 24, 2026, the Court issued an order extending the TRO through October 8, 2026. (Dkt. # 18.) The parties then filed a Joint Stipulation Extending TRO on October 7, 2026, through which they agreed to operate under the terms of the TRO until the earlier of fourteen days or the Court's issuance of a preliminary injunction. (Dkt. # 21.)

The parties appeared for a hearing on this matter on September 29, 2026 and for a status conference with the Court on October 19, 2026, during which the Court orally granted Plaintiff's Motion for Preliminary Injunction. (Dkts. ## 20, 23.) Plaintiff subsequently filed an Unopposed Motion for Voluntary Dismissal of All Claims Except Claim Under Title II of the ADA ("Dismissal Motion"), pursuant to Federal Rules of Civil Procedure 15(a)(2) and 41(a)(2). (Dkt. # 24.)

Pursuant to agreement of the parties in consultation with the Court, and having reviewed the documents, the relevant law, and the file as a whole, the Court now enters the following orders.

I. Stipulated Record

**A. Stipulation, subject to Rule 201.** The parties stipulate that the record before the Court on this motion consists of the pleadings, the motion, the response, the reply, the declarations, and the exhibits on file. The Court has considered that record.

II. Findings Required to Support the Permanent Injunction

A plaintiff seeking a permanent injunction generally must satisfy a four-factor test: (1) the plaintiff has suffered an irreparable injury; (2) remedies available at law, such as monetary damages, are inadequate compensation; (3) considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) a permanent injunction would not disserve the public interest. eBay Inc. v. MercExchange, L.L.C., 547 U.S. 388, 391 (2006); see Texas v. Yellen, 105 F.4th 755, 774 (5th Cir. 2024).

**A. Jurisdiction and the proper defendants.** The Court has subject-matter jurisdiction under 28 U.S.C. §§ 1331 and 1343 because this civil action arises under the Constitution and laws of the United States. Plaintiff asserts a claim under Title II of the ADA. The Court finds that this is an independent

claim that is not subject to the Rooker–Feldman doctrine; that res judicata does not bar Plaintiff's claim, nor has res judicata been asserted as an affirmative defense here; and that Plaintiff has standing to sue Defendants.

**B. Qualified individual with a disability.** Plaintiff is a qualified individual with a disability under the ADA. 42 U.S.C. § 12131(2).

**C. Covered program.** The City of Austin is a public entity within the meaning of Title II of the ADA. Id. § 12132. Previously, the Travis County Court at Law ordered that the dog Major shall be euthanized. (See Dkt. # 14-4.) Absent this Court's injunction, the City is required to comply with the Travis County Court at Law's order and euthanize Major.

**D. Merits.** Major's destruction would constitute an irreparable injury to Plaintiff, for which damages would be an inadequate remedy. Given the great irreparable harm Plaintiff would suffer, the balance of equities weighs in favor of granting this Injunction.

**E. Public interest.** The public interest also favors entry of this Injunction upon the terms below.

III. Terms of Permanent Injunction

**IT IS ORDERED** that a **PERMANENT INJUNCTION** is **GRANTED** on the specific terms below. All other equitable relief not granted herein is **DENIED**.[2]

**A. Restraint on euthanasia.** Defendants City of Austin; Elayna Grove, Rebekha Montie, and Monica Dangler in their official capacities; and their officers, agents, employees, and all persons in active concert or participation with them who receive actual notice of this Order, are **PERMANENTLY ENJOINED** from:

(1) euthanizing, destroying, or otherwise causing the death of the dog Major Lilly or

(2) transferring, releasing, or delivering Major to any person, contractor, or facility for the purpose of euthanasia or destruction.

**B. Transfer out.** Within thirty (30) days of this Order, Defendants shall transfer Major out of the custody of Austin Animal Services and into the custody of authorized persons from the licensed rescue organization receiving Major on behalf of Plaintiff, the identity of which counsel for Plaintiff shall confirm to Defendants' counsel before said transfer is to take place. Representatives of the rescue organization will arrive at the Austin Animal Center to take possession of

[2] In his Verified Original Complaint, Plaintiff requested damages for Defendants' alleged ADA violations. (Dkt. # 1 at 20.) In light of the permanent injunctive relief ordered herein, the Court **DENIES** Plaintiff's request for damages.

Major at a time within 30 days of entry of this Order that is coordinated with the Austin Animal Center. The Austin Animal Center will sedate and muzzle Major so that the transfer can be effectuated, but no muzzle shall be required during the periods in which Major is held securely in a kennel.

**C. Plaintiff's Obligations After the Transfer.** From the moment custody passes and the City turns over Major to the rescue organization, and for the term of this Order, Plaintiff shall abide by the following conditions to prevent any further bites by Major. These conditions are mandatory.

(1) **Outside the City and the County.** Plaintiff shall keep Major outside the corporate limits of the City of Austin and outside Travis County, Texas into the custody of the rescue organization, where he will be tended to by trained staff and held for a decompression period for a minimum of 30 days. Plaintiff shall notify the local animal control authority that Major is located in its jurisdiction.

(2) **Access.** Major shall be accessible only to Plaintiff and to the specialist with whom Plaintiff is working. A specialist is a veterinarian, a veterinary behaviorist, a trainer, or another qualified professional retained by Plaintiff; in this case, as described below, the designated specialist is Dr. Kenneth Martin. Plaintiff shall not board

Major with any other person, shall not exhibit him, and shall not permit any other person to handle him.

(3) **Veterinary Behaviorist.** The parties have identified Dr. Kenneth Martin as the licensed veterinarian and veterinary behaviorist who will work to treat, rehabilitate, and retrain Major, including during the decompression period. (See Dkts. ## 6; 6-1.) Dr. Martin should determine in his expert opinion the appropriate period for Major's decompression and retraining, beyond the Court's minimum threshold of 30 days. During the period of decompression, Dr. Martin must certify that no third parties have any contact with Major. Major may not leave the decompression facility or have any contact with third parties *unless* and *until* Dr. Martin determines that it is safe for Major to be around third parties, including Plaintiff's family members and other pets. In the event that Dr. Martin determines Major can safely be rehomed with Plaintiff and have contact with third parties, Dr. Martin should certify his opinion and the reasons underlying that determination in writing, and Plaintiff must file that certification with the Court. However, Major may not be released to the general public at any time.

(4) **Secure Enclosure.** At this location, Plaintiff will ensure that any outdoor areas where Major is kept will be a secure enclosure. Dr. Martin must certify that the secure enclosure is locked, capable of preventing the entry of the general public, including children, capable of preventing the escape of release of a dog, clearly marked as containing a dangerous dog, and is in conformance with any local requirements for enclosures established by the local animal control authority. The only exception is the transfer itself and transit reasonably necessary to leave those boundaries by the most direct practical route. During that transit, Major shall be muzzled, leashed, and confined within a secure crate in a vehicle operated by the rescue organization. Major shall not be brought back into the City of Austin or Travis County except by further order of this Court or by a written agreement of the parties filed with the Court.

(5) **Liability Insurance.** Plaintiff shall be required to obtain liability insurance coverage or show financial responsibility in an amount of at least $100,000 to cover damages resulting from an attack by Major causing bodily injury to a person. The liability-insurance condition in this Order is unrelated to and independent of Chapter 822 of the Texas Health and Safety Code. No dangerous-dog finding under Chapter

822, Subchapter D has been made as to Major in this case, and this Order does not constitute or imply any such finding or the application of Subchapter D.

(6) **Muzzle.** Major shall wear a properly fitted muzzle at all times when he is in contact with a person other than Plaintiff or if he leaves the property where he is kept, including for assessments. The muzzle shall permit panting and drinking.

(7) **Leash.** Major shall be on a leash at all times if and when he leaves the property where he will be kept.

(8) **No transfer onward.** Plaintiff shall not sell, adopt out, or deliver Major to any person other than those authorized in this order.

(9) **Release and Indemnity**. Defendants are relieved of any and all responsibility for Major going forward in perpetuity. Plaintiff agrees to release and indemnify, defend, and hold harmless the City of Austin, employees and agents of the City of Austin, and all named Defendants from any further liability, including any claim, demand, action, damage, liability, loss, judgment, cost, or expense arising from or relating to injury or damage caused by Major after the date of this Order, including any such claim asserted by or arising from the acts or omissions of Plaintiff's agents, the rescue organization, any person or

organization handling Major on Plaintiff's behalf, any retained veterinarian or specialist, or any owner or occupant of property where Major is kept. Nothing in this paragraph purports to bind any person or entity other than Plaintiff or to constitute a release by any nonparty.

**D. Status report.** Plaintiff shall file status reports with the Court every 30 days for one year from the date of this Order, which is October 26, 2027, or until further order of the Court.

**E. Security.** The amount of security required is a matter for the discretion of the Court. Corrigan Dispatch Co. v. Casa Guzman, S.A., 569 F.2d 300, 303 (5th Cir. 1978). The Court will not require any security.

**F. Notice.** This Order binds the parties to this action and those who are in active concert or participation with them and who receive actual notice of it, by personal service or otherwise. Fed. R. Civ. P. 65(d)(2). Service on Defendants through counsel of record is sufficient notice to the City and to the named Defendants. Plaintiff shall serve a copy of this Order on the rescue organization and the owner(s) of the property where Major will be located.

**G. Dismissal of other claims.** The Court hereby **GRANTS** Plaintiff's Dismissal Motion (Dkt. # 24), and **ORDERS** that Defendants Elayna Grove, Rebekha Montie, and Monica Dangler are hereby **DISMISSED** from this case. The Court further **ORDERS** that Counts I, II, IV, and V of Plaintiff's Verified

Original Complaint be **DISMISSED WITHOUT PREJUDICE** as to Defendant City of Austin, and Plaintiff's Complaint is deemed amended to omit those counts. Count III of Plaintiff's Complaint against Defendant City of Austin is the only claim remaining in this action, upon which the Injunction is predicated. Each party will bear their own costs and fees.

This Order constitutes the Final Judgment in this case. The Court will retain jurisdiction, however, in the event that any party violates the terms of this Injunction, at which point the adverse party may move to modify or dissolve the Injunction.

**IT IS SO ORDERED.**

**DATED:** Austin, Texas, October 26, 2026.

David Alan Ezra
Senior United States District Judge